In The Northern District Court of the United States

Gainesville, Florida

Habeas Corpus Case Number:   1-14-CV-195-MP-GRJ

| | |
|---|---|
| The people of Florida, ) | |
| In the matter of ) | |
| ) | |
| **Terry George Trussell,** ) | |
| ) | |
| Declarant ) | |
| ) | |
| . ) | |
| V ) | |
| **Jeffrey A. Siegmeister,** ) | **EMERGENCY MOTION FOR** |
| State Attorney for Dixie County, Florida, ) | **Habeas Corpus** |
| ) | For |
| ) | **Terry George Trussell** |
| And ) | **Declaration for Writ of Mandamus** |
| ) | |
| **James C. Hankinson,** ) | |
| Judge of Third Circuit Court ) | |
| In Leon County, Florida ) | |
| ) | |
| Respondents. ) | |

The State of Florida)

The County of **Dixie**)

To wit:

I, Terry George Trussell, Declarant herein, hereafter "Declarant, "I" am an adult man and competent to testify to the facts set forth herein, Declarant has firsthand knowledge of such facts and hereby declare that such facts are true, and correct as follows:

1. That this action is predicated upon the arrest and incarceration of Declarant, Terry George Trussell, not "TERRY GEORGE TRUSSELL" for acting in the capacity of

Grand Jury Foreman and as a signatory on a true bill of presentment against State Attorney, Jeffrey A. Siegmeister, for criminal acts disclosed in testimony presented before the Grand Jury by an eye witness to the overt acts.

2. That, at all relevant times, Declarant was acting in the capacity of one of the people of Article I, § 1 of the Florida Constitution.

### Restraint of Liberty

3. That Declarant is being unlawfully restrained of my liberty in Dixie county, Florida, pursuant to my arrest and incarceration under criminal allegations by Florida Department of Law Enforcement,( heretofore to be referred to as FDLE) Officer Frank Linton (heretofore to be referred to as Linton) and State Attorney, Jeffrey A. Siegmeister, (heretofore to be referred to as Siegmeister) and the arresting officer relying upon an order issued without a valid and lawful cause by circuit court judge, (James C. Hankinson), and Declarant is presently being held in custody without the benefit of Bond.

4. That the alleged order from circuit court judge, James C. Hankinson, upon which the sheriff's deputy allegedly relied to arrest the Declarant was a nullity for the unintelligible composition therein, and was not an order for an arrest but for release that shows such to be issued after the fact of the arrest, of which the full text thereof states as follows:

> *"ORDER: THIS CAUSE coming before me as First Appearance Magistrate, and having reviewed the preceding affidavit, find: Probable cause sufficient, Probable cause not sufficient and unless corrected within seventy two hours, the defendant shall be released on his own recognizance."*

5. That after said arrest and incarceration Declarant obtained release by posting a performance bond, but remains in custody in a manner for which habeas corpus lies pursuant to the definition of "custody" as set forth in Black's Law Dictionary, Fifth Edition, at page 347, that states in pertinent part:

> **"Custody.** *. Term "custody" within statute requiring petitioner to be "in custody" to be entitled to federal habeas corpus relief does not necessarily mean actual physical detention in jail or prison but rather is synonymous with restraint of liberty. U.S. ex rel. Wirtz v. Sheehan, D.C. Wis., 319 F.Supp. 146, 147. Accordingly, persons on probation or released on own recognizance have been held to be "in custody" for purposes of habeas corpus proceedings."*

### Jurisdiction of Supreme Court

6. That applying to the District Court of the United States is proper pursuant to Article III, §2, paragraph 2 of the Constitution for the United States of America because a state is a party, and for the causes set forth below.

7. That the holding in Fay v. Noia, 372 U.S. 391 (1963), at pages 391-392, makes habeas corpus the proper remedy for this action because it applies to any unconstitutional restraint of liberty, stating in pertinent part as follows:

    *"(b) A review of the history of habeas corpus shows that, when the Suspension Clause, Art. I, § 9, Cl. 2, was written into the Federal Constitution and the first Judiciary Act was passed conferring habeas corpus jurisdiction upon the federal judiciary, there was respectable common law authority for the proposition that habeas corpus was available to remedy any kind of governmental restraint contrary to the fundamental law, and it would appear that the Constitution invites, if it does not compel, a generous construction of the power of the federal courts to dispense the writ conformably with common law practice. Pp. 372 U.S. 402-406."*

8. That this is a matter that cannot be resolved in a state court because it is the state court judge and the state attorney operating within the state court building that are parties to the issues who are acting in crimes against the Declarant and the people of Florida for exercising their reserved powers to impanel the Grand Jury and to function in the capacity of grand jurors without governmental control or restraints. (U.S. v. Williams, 504 U.S. 36 (1992), pages 47 to 49.

9. That the federal trial courts have already been called upon by other people to settle the issues herein raised and such courts have thus far refused to admit to the truth consistent with U.S. v. Williams, 504 U.S. 36 (1992), as set forth below, that clearly shows the authority to impanel and control the Grand Jury is not within the powers delegated to government, but remains within the reserved powers of the people, and pursuant to such refusal, any further application to such lower federal courts is clearly futile.

10. That the pertinent parts of U.S. v. Williams, 504 U.S. 36 (1992), from pages 47 to 49, that show the Grand Jury's complete independence from government control are set forth for purposes of this action as follows:

11. [at page 47]

> *Because the grand jury is an institution separate from the courts, over whose functioning the courts do not preside, we think it clear that, as a general matter at least, no such "supervisory" judicial authority exists, and that the disclosure rule applied here exceeded the Tenth Circuit's authority. ... "[R]ooted in long centuries of Anglo-American history," the grand jury is mentioned in the Bill of Rights, but not in the body of the Constitution. It has not been textually assigned, therefore, to any of the branches described in the first three Articles. It 'is a constitutional fixture in its own right.' " ... In fact, the whole theory of its function is that it belongs to no branch of the institutional government, serving as a kind of buffer or referee between the Government and the people.*

[at Page 48]

> *The grand jury's functional independence from the judicial branch is evident both in the scope of its power to investigate criminal wrongdoing, and in the manner in which that power is exercised. "Unlike [a] [c]ourt, whose jurisdiction is predicated upon a specific case or controversy, the grand jury 'can investigate merely on suspicion that the law is being violated, or even because it wants assurance that it is not.' " United States v. R. Enterprises, 498 U.S. ----, ----, 111 S.Ct. 722, 726, 112 L.Ed.2d 795 (1991) (quoting United States v. Morton Salt Co., 338 U.S. 632, 642-643, 70 S.Ct. 357, 364, 94 L.Ed. 401 (1950)). It need not identify the offender it suspects, or even "the precise nature of the offense" it is investigating. Blair v. United States, 250 U.S. 273, 282, 39 S.Ct. 468, 471, 63 L.Ed. 979 (1919). ... And in its day-to-day functioning, the grand jury generally operates without the interference of a presiding judge. See Calandra, supra, 414 U.S., at 343, 94 S. Ct., at 617. It swears in its own witnesses, Fed. Rule Crim. Proc. 6(c), and deliberates in total secrecy, see United States v. Sells Engineering, Inc., 463 U.S., at 424-425, 103 S.Ct., at 3138.*

[at page 49]

*Recognizing this tradition of independence, we have said that the Fifth Amendment's "constitutional guarantee presupposes an investigative body 'acting independently of either prosecuting attorney or judge '. . . ."*

12. That the holding in <u>Fay v. Noia</u>, 372 U.S. 391 (1963), at pages 391-392, makes habeas corpus the proper remedy for this action because it applies to any unconstitutional restraint of liberty, stating in pertinent part as follows:

*"(b) A review of the history of habeas corpus shows that, when the Suspension Clause, Art. I, § 9, Cl. 2, was written into the Federal Constitution and the first Judiciary Act was passed conferring habeas corpus jurisdiction upon the federal judiciary, there was respectable common law authority for the proposition that habeas corpus was available to remedy any kind of governmental restraint contrary to the fundamental law, and it would appear that the Constitution invites, if it does not compel, a generous construction of the power of the federal courts to dispense the writ conformably with common law practice. Pp. 372 U.S. 402-406."*

13. That, for purposes of this action, the words "right", and "power" are virtually interchangeable terms pursuant to the definitions set forth in Black's Law Dictionary, Fifth Edition, as a reliable authority for the general understanding of terms.

**Power.** The right, ability, authority, or faculty of doing something.

*Constitutional power.* The right to take action

**Right.** ... As a noun, and taken in a *concrete* sense, a power, privilege, faculty or demand, inherent in one person and incident upon another. Rights are defined generally as "powers of free action".

14. That the issues raised by the said arrest and incarceration are of great concern to the people of Florida as defined in Article I, §1 of the Florida Constitution, as the people within which all political power inheres.

15. Now a hearing was held in Dixie County before the accused Judge James C. Hankinson who refused to acknowledge the Man "Terry George Trussell" when he answered to the call for his name. Because he stood outside the BAR, Judge James C. Hankinson refused to acknowledge the man answering him and issued a capias order to take him into

custody. The Deputy Sheriffs took Terry George Trussell from the Court Room and hand cuffed him and placed him in custody without bond and without order for a hearing.

16. Judge James C. Hankinson must be removed from the Case #14000201CFAXMX. He has displayed a personal bias against Terry George Trussell and has referred to him as "TERRY GEORGE TRUSSELL." The Legal Fiction of Law now has unlawfully ordered Terry George Trussell into Prison without Bail.

17. Judge James C. Hankinson has violated the first four Cannons of Judicial Ethics. He has deprived Terry George Trussell of his God Given Rights without Lawful Authority to do so. The Statutes on which Judge James C. Hankinson relied are repugnant to the U.S. Constitution.

18. Judge James C. Hankinson has abused the power delegated to him by the people and is in dishonor. The Implication of impropriety is evident in the entire Judiciary because of Hankinson's acts of pretended judicial order.

19. That the Order of Judge James C. Hankinson is Void and Null ab initio.

### Pretense of the Restraint

20. That the pretense of the restraint is that: (1) the power to impanel a Grand Jury is not within the reserved powers of the people; (2) that such power to impanel and control the Grand Jury is exclusively within the authority of the Florida state government; and (3) that a presentment that issued from the Grand Jury impaneled by the people constitutes the crime of simulation of legal process.

21. That the restraint of Declarant's liberty is unlawful in that all allegations against Terry George Trussell involve the charge of simulation of legal process pursuant to Florida Statutes 843.0855, two charges involving subsection (3) and eight involving subsection (4), and all such allegations are founded upon the presumption that the power to impanel the grand jury is not within the retained powers of the people, but is exclusive to the powers of the Florida government, and all officers involved know, or should know, that there is no constitutionally delegated powers to the Florida government to impanel or control the Grand Jury, and the presumtions do not lie for criminal matters pursuant to the Florida Evidence Code, Section 90.301 stating, "Sections 90.301-90.304 are applicable only in civil actions or proceedings."

22. That Declarant has knowledge that all the state circuit courts in Florida and their officers have been apprised of the ruling by the Supreme Court of the United States in <u>U.S. v. Williams</u>, 504 U.S. 36 (1992), and such courts have also been apprised of the lack of delegation of such power to any of the branches of the Florida state government and, to date, no state officer in Florida will acknowledge that the power to impanel the grand jury has always remained within the powers retained by the people and neither can they show any constitutional delegation of power to any branch of the Florida government for proof to the contrary because no such grant of power exists.

23. That the lawfulness of the restraint of Declarant's liberty has not been previously tested by habeas corpus or by proper court process prior to Declarant's arrest and incarceration except to refuse to file or respond to papers filed for purposes of settling the issues.

24. That the actions of all officers involved now demonstrates their erroneous position, namely, that the power to impanel the grand jury is exclusive to the Florida government and the people have no such power whatsoever.

### Facts in Support of Application for Writ

25. That on or about April 21, 2014, Declarant was called for Grand Jury duty and Declarant responded and after qualifying for the Grand Jury Declarant was appointed as the foreman thereof for a period of six-months.

26. That, at the time of said appointment, Declarant had knowledge of the ruling in <u>U.S. v. Williams</u>, 504 U.S. 36 (1992), and the Declarant recognized such position on the *statutory* Grand Jury as an opportunity to have the truth disclosed to settle the issue once and for all time as to whether: (1) the power to impanel and control the grand jury remained within the reserved powers of the people; (2) such power was delegated to the Florida government to impanel and control; <u>or</u> (3) was a power within both the people and the government; these three conditions being the only reasonable options possible.

27. That while acting in the capacity of foreman of the *statutory* Grand Jury to receive testimony for certain crimes, the State Attorney, Jeffrey A. Siegmeister, acted to prevent declarant from presiding in the proceeding by saying words to the effect, "<u>This is my jury, I will be conducting it</u>," and Siegmeister demanded declarant sit at a table in a court room normally used for trial. Then Siegmeister proceeded to conduct the proceeding,

such conduct by Siegmeister being contrary even to the standards for the *statutory* Grand Jury as created by the Florida legislature.

28. That, being the present Grand Jury foreman and having access to the Grand Jury room in the Dixie county Courthouse, Declarant initiated the impaneling of a Grand Jury from the state people to investigate the matters created by the actions of Siegmeister that resulted in presentments being issued after proper deliberation on the testimony submitted to the People's Grand Jury.

29. That, thereafter, Declarant was arrested and incarcerated upon allegations of simulating legal process, such charges being founded upon a lawful function of a Grand Jury foreman, whether or not the power comes from the government or from the people.

30. That, at all relevant times, Declarant relied upon the common law requirements of the Fifth Amendment as held in *U.S. v. Williams.*

31. That the supremacy clause of the Constitution for the United State of America, at Article VI, paragraph 2, that states as follows:

32. *"This Constitution, and the Laws of the United States which shall be made in pursuance thereof; and all Treaties made, or which shall be made, under the authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."*

33. That the Fifth and Seventh Amendment's are part of the said "Supreme Law of the Land" and such Amendments contain the only reference to the Grand Jury, that states in pertinent part, "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury,..."

34. That an "infamous crime" is any that calls for prison time as set forth in Black's Law Dictionary, Fifth Edition, at page 335, defining *Infamous crime* states in pertinent part: "A crime punishable by imprisonment in a state prison or penitentiary, with or without hard labor, is an infamous crime".

35. That the officers responsible for said arrest, incarceration and restraint of Declarant's liberty have violated the requirements of the Fifth Amendment by said arrest and incarceration without a Grand Jury presentment or indictment.

36. That the contention by the government officers that the Grand Jury is within the exclusive power and control of the Florida government is wholly unreasonable in that it could not be the intent of the people who originally created the government offices, to create a "watch dog" provision for holding criminals responsible for their acts, and then place such provision within the exclusive control of the government officers who are capable of such criminal acts themselves and cannot be relied upon to punish themselves or fellow officers.

37. That the Declarant has found that the grand juries being used by the court and prosecutor's office are prevented from hearing crimes committed by government officers that allows such officers to commit crimes with impunity and with no protection for the victims.

38. That experience has already shown that sworn testimony of crimes submitted to criminal intake officers with a demand for access to the GrandJjury for testifying and an investigation are not delivered to the Grand Jury and such officers add the additional crimes of misprision of felony and obstruction of justice with impunity by the erroneous contention that the power to impanel and control the Grand Jury is within the exclusive control of the government and there is a neglect to transmit such crimes to the Grand Jury for initiating the prosecution of such crimes as a matter of course.

39. That these matters are of great interest and importance to the people of Florida and must be settled by this habeas corpus action as to where the power to impanel and control the grand jury lies, in the government, in the people, or both, and whether Declarant's good faith actions in reliance upon *Williams,* and to act in the capacity of a Grand Jury foreman within the retained powers of the people are crimes.

**Relief Sought by Writ of Habeas Corpus**

Wherefore, pursuant to the foregoing and in the interest of justice and as a matter of law, this court must:

  a. Issue the writ of habeas corpus to test the constitutionality of the restraint of Declarant's liberty by the respondents being made to show the lawful cause for such restraint in conformity with the Constitutions, the laws made in pursuance thereof, the retained powers of the people, the limited powers of government within the scope of the

   Constitutions, the facts, and the precedents already set by prior decisions of this court, or stipulate to the lack of cause for such arrest and incarceration;

   b. Order the suspension of state court proceedings against Terry George Trussell, while this action is pending;

   c. Upon a determination that the Declarant has acted within the authority of the retained powers of the people, declare that Declarant is being unlawfully restrained of his liberty.

   d. Issue an order for my discharge and for correction of the existing circumstance upon which the same restraint can recur by settling the matter as to the power to impanel the Grand Jury being within those powers retained by the people consistent with the common law requirements of the Fifth Amendment.

   e. Declare the lack of any delegation of any powers to any branch of the Florida government to impanel or control the Grand Jury.

   f. And for any other relief this court deems just.

   I therefore Move this Honorable Court to order the immediate release of Terry George Trussell from incarceration.and allow Bail until this matter can be settled.

Executed this 10 day of October, A.D. 2014.

*Roy G. Callahan* (signature)

Roy G. Callahan For Terry George Trussell
P.O. Box 1551
Cross City, Florida 32628

**Notary Jurat**

The State of Florida)

The County of Dixie)

On this  10  day of  October , before me, a duly appointed Notary Public, personally appeared  Roy Callahan  who is ( ) personally known to me, or ( ) proved by valid identification, to be the man who swore to the truthfulness of the foregoing document upon which he subscribed his signature in my presence for the purposes set forth therein while under oath to his Creator.

Witness my hand and seal.

*Kymberlee Silver*   My Commission Expires  Jan. 9, 2018

Signature of Notary Public (seal)

Kymberlee Silver

Printed Name of Notary Public

Kymberlee Silver
State of Florida
MY COMMISSION # FF 8217\:
Expires: January 9, 2018

Type of Identification:  Valid Fl. drivers Lic.