IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRY GEORGE TRUSSELL,

       Petitioner,

v.                                           CASE NO. 1:14-cv-195-MP-GRJ

JERRY SIEGMEISTER, et al.,

       Respondents.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Petitioner's amended petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. 6.)  For the reasons discussed below, it is **RECOMMENDED** that the petition be **DISMISSED** under the *Younger v. Harris* abstention doctrine.

## BACKGROUND

Petitioner is currently awaiting trial on state criminal charges.  Petitioner's state charges appear to be for impersonating a public officer, because he acted as the "people's grand jury foreman" in presenting a true bill of presentment "under common law" to the Dixie County Sheriff.  Petitioner alleges that when he attended court for his arraignment, the presiding judge determined that he failed to appear, despite his presence in court.  (Doc. 1.)

## DISCUSSION

A state pretrial detainee may challenge his confinement by petitioning for habeas corpus under 28 U.S.C. § 2241.  *Hiteshaw v. Butterfield*, 262 Fed. Appx. 162, 164 (11th Cir. 2008) (*per curiam*) (noting that petitioner, "as a pre-trial detainee, [wa]s not in

custody pursuant to any state court judgment, and his habeas petition should have been treated as a § 2241 petition."); *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261-62 (11th Cir. 2004) (holding that a pretrial petition for habeas corpus is properly brought under 28 U.S.C. § 2241; *see also Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003) (noting that a state court pre-trial detainee would file an application for a writ of habeas corpus governed by § 2241.)

Although it appears that Petitioner was in custody when he filed the instant petition, this Court must abstain from passing on Petitioner's claims pursuant to the *Younger v. Harris* abstention doctrine.  401 U.S. 37 (1971).  "Under *Younger v. Harris* and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances."  *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1261 (11th Cir. 1997).  *Younger* was concerned with the equitable restraint by federal courts of state court criminal proceedings that had yet to run their course and was "founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."  *Hughes v. Att'y Gen. Of Florida*, 377 F.3d 1258, 1264 n.7 (11th Cir. 2004).  The exceptions to *Younger* are very narrow and apply only if: there is evidence of state proceedings motivated by bad faith, irreparable injury would occur, or there is no adequate alternative state forum where the petitioner's constitutional issues can be raised.  *Id.* at 1263 n.6.

None of the *Younger* exceptions apply in this case.  Petitioner does not make a "substantial allegation" showing that his state prosecution is motivated by bad faith, nor has he alleged facts suggesting an "irreparable injury."  *See Younger*, 401

U.S. at 48 (noting that bad faith prosecutions are brought without the expectation of securing a conviction, or with an intention to harass); *id.* at 53-55 (citing Watson v. Buck, 313 U.S. 387 (1941)) (finding irreparable injury if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or if unusual circumstances call for equitable relief).  Petitioner has adequate opportunity to advance his claims as to the legality of his pre-trial detention in the state court criminal proceedings, and, if convicted, challenge any conviction and sentence through appellate and post-conviction proceedings in the state court.  Any interference by this Court in those state court criminal proceedings would defy the "strong federal policy against federal-court interference with pending state judicial proceedings" expressed by the Supreme Court in *Younger.  Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

## RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that Petitioner's First Amended Petition for Writ Of Habeas Corpus, Doc. 6, should be **DISMISSED**.

**IN CHAMBERS** in Gainesville, Florida, this 30th day of March, 2015.

*s / Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.